UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HELENA J. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | 1:08-cv-1421-WTL-TAB |
| v. ) | |
| ) | |
| MADISON COUNTY (INDIANA), et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DEFENDANTS' MOTION TO STRIKE**

The State Defendants[1] filed their motion to dismiss on November 25, 2008. Plaintiff failed to respond to this motion for nearly four months. During a March 17, 2009, pretrial conference, the Court informed Plaintiff's counsel of Plaintiff's failure to respond to Defendants' motion. Ten days later, on March 27, 2009, Plaintiff filed the belated response. In Plaintiff's motion for extension of time, Plaintiff explains that Plaintiff's counsel inadvertently overlooked the motion to dismiss because the motion "was not properly docketed at the Plaintiff's counsel's law firm . . . ." [Docket No. 15 at ¶¶ 2-3.]

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), when an act may or must be done within a specified time, the court may, for good cause, extend the time if the party failed to act because of excusable neglect. *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005) (determining that the party requesting an extension of time to complete discovery after the

---

[1]Defendants are Rodney J. Cummings, individually, and in his former capacity as Madison County Prosecutor, and the Indiana Alcohol and Tobacco Commission.

deadline was required to show excusable neglect).  The Court prefers to resolve cases on their merits, but in this case Plaintiff's counsel has given the Court nothing upon which to find excusable neglect.  The absence of a response for nearly four months because of a clerical error does not fit this standard.  *McCarty v. Astrue*, 528 F.3d 541, 544-45 (7th Cir. 2008) (finding that an attorney's miscalculation of the appeal deadline did not constitute excusable neglect for purposes of Fed. R. App. P. 4(a)(5), that the district court's decision to enlarge the appeal deadline on this basis was an abuse of discretion, and concluding that "[a]lthough the federal rules are complex, experienced federal litigators ought to be held strictly to them," and that "[a]n unaccountable lapse in basic legal knowledge is not excusable neglect"); *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us.  The practice of law is no exception.  A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored.  The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines."); *Easley v. Kirmsee*, 382 F.3d 693, 698-99 (7th Cir. 2004) ("[A]ttorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant. . . . [T]he trial judge was entitled to expect [the plaintiff] to comply with his clear and straightforward pretrial scheduling orders and filing deadlines, and when compliance was not forthcoming, the trial judge was empowered to end the litigation by ruling on the merits of the defendants' unopposed motions for summary judgment."); *Johnson-Hill v. Eli Lilly*, No. 1:04-cv-1277-DFH-TAB (S.D. Ind. Nov. 16, 2005) (denying a motion to withdraw and a motion for additional enlargement of time to respond to summary judgment and granting summary judgment against a plaintiff who failed

to keep in contact with her counsel, stating that "[t]he court has a full docket of cases brought by parties who care enough to pursue them, and the court need not waste further time on this one").

Thus, despite the Court's preference to resolve cases on their merits, a four-month lapse in this case on account of a clerical error is simply too long to warrant an enlargement of time for a substantive motion under the excusable neglect standard. The Court also finds that the State Defendants here made a reasonable and timely motion to strike pursuant to Fed. R. Civ. P. 12(f) and S.D. Ind. L.R. 7.1. Defendants have waited long enough for a ruling on their motion, and the Court will not prolong that wait. Therefore, the Court denies Plaintiff's motion for enlargement of time [Docket No. 15] and grants Defendants' motion to strike [Docket No. 18].

Dated:  05/14/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Gregory P. Gadson
LEE COSSELL KUEHN & LOVE LLP
ggadson@nleelaw.com

Corinne T.W. Gilchrist
OFFICE OF THE ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov