UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HELENA J. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1421-WTL-TAB |
| | ) | |
| RODNEY J. CUMMINGS, Individually and | ) | |
| in his former capacity as Madison County | ) | |
| Prosecutor, and INDIANA ALCOHOL AND | ) | |
| TOBACCO COMMISSION | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on a Motion to Dismiss filed by Defendants, Rodney J. Cummings ("Cummings") and the Indiana Alcohol and Tobacco Commission ("the Commission"), for failure to state a claim on Counts I, II, and III and for lack of subject matter jurisdiction on Count I.

For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

The facts alleged in the Complaint are as follows. Plaintiff, Helena Alexander ("Alexander"), was engaged in purchasing the Curve Inn, a restaurant and bar, as well as an Indiana Alcoholic Beverage Permit ("Permit") from John L. Neal via an installment land contract. The Commission transferred the Permit associated with the Curve Inn to Alexander, though it knew or should have known that Neal had been enjoined from transferring his Permit. On September 17, 2006, Cummings, the Madison County Prosecutor, sought and received an *ex*

*parte* temporary restraining order and order of seizure to seize realty and personalty alleged to be part of a criminal enterprise run by Neal and which included the realty and personalty of the Curve Inn. The property was subsequently seized, but Alexander was later permitted to operate the Curve Inn by allegedly making arbitrarily derived payments to Cummings. In addition, Alexander's Permit was placed in escrow, which effectively prevented her from alienating it. On September 18, 2008, Cummings submitted court pleadings that Alexander contends falsely alleged that she was part of a racketeering operation under the direction of Neal, and he subsequently communicated similar allegedly false allegations to the media.

Purportedly, as a result of the foregoing actions by Cummings and the Commission, Alexander's business failed. Alexander then brought this suit against Cummings and the Commission.[1]

## II.  STANDARD OF REVIEW

In considering a Rule 12(b)(1) motion, the Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). However, the Court "may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003). The burden of proof remains with the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

---

[1] Alexander's Complaint also named as a defendant Madison County, which has since been dismissed from this lawsuit. *See* Case Management Plan Order (Docket No. 20).

In reviewing a Rule 12(b)(6) motion, the Court must determine "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which the suit rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Mosely v. Board of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006). Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hecker v. Deere & Co.*, No. 08-1224, 2009 U.S. App. LEXIS 13778, at *6 (7th Cir. June 24, 2009) (quoting *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009)). Determining the plausibility of a claim is "a context-specific task that requires [the Court] to draw on [its] own judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. In making its assessment, the Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). With these principles in mind, the Court now turns to the Defendants' motions.

### III.   DISCUSSION

In Count I of her Complaint, Alexander sets out her 42 U.S.C. § 1983 claims, including: (1) a violation of her due process rights under the Fourth, Fifth, and Fourteenth Amendments; (2) a taking without just compensation in violation of her rights under the Fifth and Fourteenth Amendments; and (3) a taking without just compensation in violation of Article 1, Section 21 of

the Indiana Constitution.[2] Count II of her complaint alleges a defamation claim against Cummings and Count III alleges negligence against the Commission for breaching a duty to issue valid permits.

## COUNT I – 42 U.S.C. § 1983 VIOLATIONS

Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivations of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." However, section 1983 is not a source of substantive rights but only provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived the plaintiff of a right secured by the Constitution and the laws of the United States, and (2) the defendant acted under color of state law." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996) (citation omitted). In her Complaint, Alexander appears to assert due process violations of her Fourth, Fifth, and Fourteenth Amendment rights in reference to Cummings actions in seeking and receiving an *ex parte* temporary restraining order and seizure order, and a takings violation of her Fifth and Fourteenth Amendment rights for the subsequent seizure of the Curve Inn.

---

[2] Section 1983 was not intended as a vehicle to assert state constitutional violations, but violations of the United States Constitution and federal law. *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003). Therefore, the takings claim under the Indiana Constitution must be considered as a separate, state law claim.

### A. The Commission

As an initial matter, the Court considers whetehr the Commission qualifies as a "person" under § 1983. Considering the protection afforded states under the Eleventh Amendment, the United States Supreme Court expressly held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Moreover, becasue "a state agency is the state for purposes of the eleventh amendment," K*roll v. Board of Trustess of University of Ilinois*, 934 F.2d 904, 907 (7th Cir. 1991), a state agency would also not be considered a "person" for purposes of Section 1983. *See Schnaus v. Butler*, No. 3:07-cv-00165-RLY-WGH, 2009 WL 1409221, *4 (S.D. Ind. May 14, 2009). Thus, the Commission, as a state agency, is not a "person" for purposes of § 1983 and is entitled to dismissal of all § 1983 claims for monetary damages.

### B. Cummings in his Official Capacity

Where a § 1983 claim is brought against an individual in his official capacity, it is really a claim against the municipality. *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997). Thus, Alexander seeks to impose liability upon the county (which has already been dismissed from this lawsuit) for the actions taken by Cummings in his official capacity as Madison County Prosecutor. However, the standards for establishing municipal liability under 42 U.S.C. § 1983, as set out by the Supreme Court in *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), dictate that a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. In order for Alexander to state a viable claim against Madison County under 42 U.S.C. § 1983, Cummings must be a Madison County official with

final policymaking authority. *Billings v. Madison Metro. Sch. Dist.*, 259 F.3d 807, 817 (7th Cir. 2001).

Whether an official has final policymaking authority is not solely a question of federal law or fact, but a question of state law. *Wood v. City of Michigan City*, 940 F.2d 275, 279 (7th Cir. 1991). The Court must look at the official's particular function at issue with the understanding that "the actual function of a governmental official, in a particular area, will necessarily be dependent on the definition of the official's functions under relevant state law." *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997).

In Indiana, the prosecutor is a "constitutional office, carved out of the office of the attorney general as it existed at common law." *Bibbs v. Newman*, 997 F. Supp. 1174, 1179 (S.D. Ind. 1998) (citations omitted); *see also* Ind. Const. art. 7, § 16. The prosecutor is responsible for prosecuting within his jurisdiction virtually all criminal prosecutions on behalf of the state. Ind. Code § 33-14-1-4. It is the responsibility of county councils to appropriate what is "necessary for the proper discharge of the duties imposed by law upon the office of the prosecuting attorney," Ind. Code § 33-14-7-2(g); however, that fact alone is not enough to make the prosecuting attorney a county officer. *See McMillian v. Monroe County*, 520 U.S. at 791 ("county's payment of sheriff's salary does not translate into control over him"). An Indiana prosecutor "does not exercise county power and does not answer to county authorities except for seeking 'necessary' funds to operate the office." *Bibbs*, 997 F. Supp. at 1180. Because Cummings' actions stemmed from the prosecution of a RICO case and had nothing to do with the appropriation or disbursement of funds by the county, the Court concludes that Cummings acted as a state official rather thanon behalf of the county. As such, all § 1983 claims seeking

6

monetary damages from Cummings in his official capacity must be dismissed because, as previously noted, a state official is not considered a "person" under § 1983.

The only remaining aspect of Alexander's section 1983 claim as it pertains to Cummings' official capacity is Alexander's request for injunctive relief. *See Will*, 491 U.S. at 71 (providing that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"; however, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983"). The Defendants argue that the request should be dimissed due to a lack of subject matter jurisdiction becasue Alexander has not fulfilled the ripeness requirements, namely, the "Final Decision Requirement" and the "Exhaustion Requirement" as outlined by the Supreme Court in *Williamson County Regional Planning Comission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985).[3]

Under the first requirement for ripeness imposed by Williamson County, Alexander must demonstrate that she received a "final decision" from the relevant government entity. *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 957 (7th Cir. 2004). The Defendants argue that a final decision has not been rendered, contending that the civil forfeiture action referred to in Alexander's Complaint was still pending when she filed her suit.[4] The Court need not address this point, however, becasue the exhaustion requirement is dispositive.

Turning to that requirement, the Court notes that Alexander must have sought compensation from the state prior to proceeding to federal court. *Id*. However, the Supreme

---

[3] The Court presumes that Alexander's request for injunctive relief corresponds with her Fifth and Fourteenth Amendment Takings claim. However, in determining whether or not Alexander's claim is ripe for review under *Williamson County*, it is immaterial whether she classifies her federal claim as a Fifth Amendment Takings Claim or a substantive due process claim under the Fourteenth Amendment. *Williamson County*'s ripeness analysis applies "[r]egardless of the purpose of the taking." *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 179 (7th Cir. 1996).

[4] In support of this assertion, the Defendants submitted an exhibit that included the final page of a court docket. However, this exhibit is not particularly informative for purposes of their argument because it fails to indicate what the case concerned; it merely indicates that Alexander was a party to the suit.

Court has "adopted a limited exception to its exhaustion requirement based on the futility of seeking state court relief. Specifically, the Court held that a plaintiff may be excused from the exhaustion requirement if [s]he demonstrates that 'the inverse condemnation procedure is unavailable or inadequate.'" *Daniels v. Area Plan Com'n of Allen County*, 306 F.3d 445, 456 (7th Cir. 2002) (quoting *Williamson County*, 473 U.S. at 197). In *Daniels*, the Seventh Circuit found that purely equitable relief is unavailable under the inverse condemnation procedure outlined in Ind. Code § 32-24-1-16. *Id*. at 457 (citing *Ind. Dep't. of Transp. v. Southern Bells*, 723 N.E.2d 432, 434 (Ind. Ct. App. 1999)). Consequently, because the plaintiffs in *Daniels* were *solely* seeking injunctive relief, the court reasoned that the inverse condemnation procedure was inadequate. *Id*. Unlike the plaintiff in *Daniels*, Alexander has requested both damages and injunctive relief. Therefore, *Daniels* is not controlling in this case and the Court concludes that Alexander's claim is not ripe. She must first pursue an inverse condemnation action under Ind. Code § 32-24-1-16 before the Court can consider her Takings claim. Conseqeuntly, her request for injunctive relief pursuant to the Fifth and Fourteenth Amendments must be dismissed, without prejudice, for lack of subject matter jurisdiction.

### C. Cummings in his Individual Capacity

Finally, the Court considers whether Cummings in his individual capacity is entitled to dismissal of the § 1983 claims brought against him. The intent of § 1983 was to provide a remedy to parties deprived of federal constitutional rights, privileges, and immunities by state officials' abuse of position, but it does not override immunity granted by the Eleventh Amendment from suit in federal court. *Hafer v. Melo*, 502 U.S. 21, 28-29 (1991).

To free the judicial process from the harassment and intimidation associated with litigation, the Supreme Court has held that prosecutors are immune from acts or omissions associated with the judicial process, in particular, those taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  The degree of immunity prosecutors are afforded depends on their activity in a particular case.  If a prosecutor's function is judicial or quasi-judicial, such as initiating and pursuing a criminal prosecution, presenting the state's case at trial, or other conduct that is "intimately associated" with the judicial process, he is entitled to absolute immunity from suit; but if his function is administrative or investigative, he is only entitled to qualified immunity.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-71 (1993); *see also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) ("[absolute] immunity shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence").

In her Complaint, Alexander alleges that Cummings sought and received an *ex parte* temporary restraining order and order of seizure in violation of her due process rights.  Similarly, in *Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir. 1995), the plaintiff alleged that the defendant prosecutor violated his First, Fourth, Fifth, and Fourteenth Amendment rights when the prosecutor instituted seizure and forfeiture proceedings, which resulted in the padlocking of a building that housed an adult bookstore.  The prosecutor's allegedly improper conduct in *Mendenhall* included:  (1) bringing a civil RICO complaint against the plaintiff; (2) seeking a seizure order from the Indiana trial court; and (3) advising the police to execute the seizure order and close the building.  *Id*. at 690-91.  The Seventh Circuit concluded that absolute immunity attached to all three of the actions taken by the prosecutor because it was clear that the

prosecutor acted pursuant to the authority vested in him under Indiana law, functioning purely in his capacity as an advocate for the state. *Id*. at 691; *see also Schrob v. Catterson*, 948 F.2d 1402 (3d Cir. 1991).

Based on *Mendenhall*, the Court similarly finds that Cummings' actions in seeking and receiving an *ex part* restraining order and an order of seizure are entitled to absolute immunity from suit, as they clearly involve the prosecutor's role as advocate for the state rather than administrator or investigative officer. Since the issuance of an *ex parte* temporary restraining order and order of seizure is a judicial act, *see Stump v. Sparkman*, 435 U.S. 349, 363, n. 12 (1978), seeking and receiving such orders is "intimately associated with the judicial phase." *Imbler*, 424 U.S. at 430. Therefore, Alexander's § 1983 claims against Cummings in his individual capacity are dismissed.

## ALEXANDER'S STATE LAW CLAIMS

Because no federal claims remain at this juncture, the Court on its own motion considers whether it should continue to exercise jurisdiction over the state law claims. The Court notes that it has broad discretion to decide whether to exercise supplemental jurisdiction over pendent state law claims where the Court has dismissed all federal claims. *See Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). In fact, the Seventh Circuit has explicitly stated that district courts should relinquish jurisdiction over such claims that remain after dismissal of federal claims unless one of the following circumstances exists: (1) the state-law claims may not be refiled because a statute of limitations has expired; (2) substantial judicial resources have been expended on the state claims; or (3) it is clearly apparent how the state claims are to be decided. *See id.* (citing *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007)). There is no indication

10

that any of these considerations apply in this case.  Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims asserted in Alexander's Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Cummings and the Commission (Docket No. 11) is **GRANTED**.

IT IS SO ORDERED: 07/27/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Gregory P. Gadson
LEE COSSELL KUEHN & LOVE
ggadson@nleelaw.com

Corinne T.W. Gilchrist
OFFICE OF THE ATTORNEY GENERAL
corrinne.gilchrist@atg.in.gov

Cory Christian Voight
OFFICE OF THE ATTORNEY GENERAL
Cory.voight@atg.in.gov